**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

TECHTRONIC INDUSTRIES CO. LIMITED,

                    Plaintiff,

        – against –

MUDDY WATERS CAPITAL LLC, and
MW DOMINO MANAGEMENT LLC,

                    Defendants.

Case No. 1:25-cv-00249-DAE

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'**
**EMERGENCY MOTION TO STAY AND CROSS MOTION TO COMPEL**

Plaintiff Techtronic Industries Company Limited ("TTI") hereby opposes the Emergency Motion to Stay Discovery ("Motion" or "Mot.") filed by Defendants Muddy Waters Capital LLC and MW Domino Management LLC's (together, "Muddy Waters") and cross-moves to compel Muddy Waters to respond to TTI's written discovery and to appear for the noticed depositions.

**INTRODUCTION**

Undeterred after its first stay request was denied seven days ago, Muddy Waters is back for a second bite at the apple, seeking a stay based on a motion to disqualify Quinn Emanuel ("QE") filed 17 months into this case. That disqualification motion is unfounded: it is based on the fact that a single lawyer—who has had no involvement in this case—performed 19.5 hours of work for Muddy Waters years ago, on a matter unrelated to this one. This is the kind of thin, belated motion courts have long recognized as a tactical delay and commonly deny. The sought stay built on top of it is thinner still. Muddy Waters claims that discovery by QE would be prejudicial, yet Muddy Waters already provided document and deposition discovery opposite QE

in the related Florida proceeding, without ever raising the conflict it now calls disqualifying. Worse, Muddy Waters has simply awarded itself the stay it now belatedly seeks, refusing to produce a single document prior to now past deadlines. With the close of fact discovery fast approaching, Muddy Waters' obstinance threatens to derail the schedule entirely and should be rejected summarily.

Muddy Waters cannot show good cause for a stay. Its premise that TTI's attorneys are presumed to hold Muddy Waters' confidences from QE's prior engagement is wrong: "[U]nder Fifth Circuit precedent, there is no established irrebuttable presumption [that] a lawyer shares client confidences he possesses with other lawyers at his law firm." *Maxell, Ltd. v. Apple Inc.*, 2021 WL 1100098, at *8 (E.D. Tex. Mar. 2, 2021); ECF No. 65 at 18 n.11 (TTI's Opp. to Muddy Waters' Mot. to Disqualify its Former Counsel). And the record forecloses the premise: the sole QE attorney who previously represented Muddy Waters and TTI's attorneys have confirmed that the TTI team holds no confidential information about Muddy Waters. ECF No. 65 at 18-19.

Moreover, the balance of prejudice tips decisively toward TTI. Muddy Waters has refused to participate in discovery *at all*: it responded to TTI's written discovery with boilerplate objections but has refused to otherwise engage let alone produce, and it has refused to make its witnesses available for depositions. Discovery is part of litigation, and Muddy Waters would not be prejudiced by doing so here. Even if the disqualification motion had merit (it does not), the discovery record would pass to TTI's substitute counsel with none of the disruption Muddy Waters hypothesizes. Courts presume work product does not require exclusion absent a specific showing that it reflects confidential information. Here, Muddy Waters makes no such showing, and it could not, given that TTI's trial team was never exposed to Muddy Waters' confidences in the first place.

Finally, given the looming September 15, 2026 discovery deadline, TTI cross-moves to compel Muddy Waters to produce documents, answer interrogatories, and appear for depositions. Muddy Waters has waived any objection by failing to properly respond, and its overdue obligations are owed whatever the outcome on disqualification.

## FACTUAL BACKGROUND

A.    <u>Muddy Waters Litigated Adverse to Quinn Emanuel In A Related Case</u>

In August 2023, TTI sued Victor Bonilla in the Middle District of Florida for defaming TTI through two research reports.  TTI served subpoenas on Muddy Waters and its employees Carson Block and Freddy Brick, seeking documents and testimony regarding Muddy Waters' relationship with Bonilla—the exact subject that Muddy Waters now claims is disqualifying.  ECF No. 65 at 6.  After objections and briefing, on September 17, 2024, Magistrate Judge Lane overruled Muddy Waters' objections, compelled production, and ordered Block and Brick to sit for depositions.  *Id.* at 7.  Throughout the hearings, productions, and two depositions, Muddy Waters never once raised a potential conflict.  *Id.* at 8.

B.    <u>Muddy Waters Unreasonably Delayed Before Moving to Disqualify</u>

TTI filed this action on February 20, 2025.  ECF No. 1.  Muddy Waters moved to dismiss, raising QE's prior representation in a footnote without a corresponding motion to disqualify.  ECF No. 23 at 18 n.6. Muddy Waters proceeded in the ordinary course:  negotiating and amending the scheduling order, litigating a second motion to dismiss against TTI's amended complaint, and attending an in-person mediation.  TTI served its first discovery requests on March 25, 2026, shortly after briefing on the second motion to dismiss concluded.  Through this motion practice and discovery, Muddy Waters never moved to disqualify.

Muddy Waters' handling of TTI's discovery requests followed a similar pattern of delay. On April 24, 2026, TTI served requests for production, notices of deposition, and interrogatories

on Muddy Waters' counsel by e-mail, a standard practice. Shortly before its responses were due, Muddy Waters raised a technical objection, claiming that service on its counsel was not sufficient under Federal Rule of Civil Procedure 5, and TTI agreed to reserve as a courtesy. On May 26, 2026—two months after first receiving the discovery requests and the very day its responses were due—Muddy Waters moved to stay discovery and objected to every request as "premature." ECF Nos. 51, 51-9. Muddy Waters subsequently continued to refuse to engage in discovery—producing no documents, providing no interrogatory responses, and refusing depositions.

On July 31, 2026, this Court denied Muddy Waters' second motion to dismiss, and in the same order, denied its first motion to stay discovery. ECF No. 61. Rather than finally beginning to comply with its discovery obligations, Muddy Waters moved to disqualify—17 months after the case started and 26 months after it knew QE attorneys were inquiring into the issues it now claims are substantially related to its prior representation. Muddy Waters then informed TTI on August 3, 2026, that it would *again* move to stay discovery, this time through a self-branded "emergency" motion to stay discovery pending the outcome of the disqualification motion. Muddy Waters also threatened a *third* motion to stay discovery on a similarly meritless basis: resolution of the related case in Florida. Through it all, Muddy Waters has continued to help itself to the relief it seeks, refusing to produce documents or make witnesses available for deposition in disregard of both Court deadlines and the upcoming close of discovery.

## LEGAL STANDARD

The "burden is on the movant" to show the necessity of a stay, which "contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Moreno v. Marvin Windows, Inc.*, 2007 WL 2008680, at *1 (W.D. Tex. June 15, 2007) (quoting *United States v. Garrett,* 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). Courts consider

4

three factors: "(1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by granting a stay." *Hendler Flores Law PLLC v. Devlin Law Firm LLC*, 2024 WL 3829562, at *2 (W.D. Tex. Aug. 14, 2024) (citation omitted).  In deciding stay requests, courts are "guided by the policies of justice and efficiency." *Id.* (citation omitted).

**ARGUMENT**

The Court should reject Muddy Waters' second attempt to halt discovery on its own say-so.  There is no good cause for a stay:  the disqualification motion the stay rests on is likely to fail, and a stay premised on a losing motion is not good cause but delay.  The remaining factors confirm that Muddy Waters is not entitled to a stay:  Muddy Waters points to no concrete prejudice, a stay would save no work, and its objections to TTI's written discovery are waived in any event.  The Court should deny the Motion and compel Muddy Waters to comply now.

## I.    MUDDY WATERS' DISQUALIFICATION MOTION IS LIKELY TO FAIL

Muddy Waters' Motion presupposes that its disqualification motion might succeed.  This one will not.  As TTI explains at length in its opposition, ECF No. 65, Muddy Waters' disqualification motion is based on the fact that a single QE lawyer billed 19.5 hours on high-level advisory work for Muddy Waters years ago on a government investigation that predated, and had nothing to do with, the short-seller reports and research agreement at the heart of this case.  The two matters are not substantially related, none of TTI's attorneys ever received Muddy Waters' confidences, and Muddy Waters waited 17 months into this case to move to disqualify.  Courts routinely find waiver on a fraction of that delay.  That Muddy Waters immediately used its disqualification motion to stay discovery after its motion to dismiss was denied confirms that its disqualification motion is a strategic device seeking yet more delay.  Because Muddy Waters' disqualification motion is unlikely to succeed, the stay it supports lacks any foundation.

5

## II.    MUDDY WATERS' MOTION DOES NOT DEMONSTRATE GOOD CAUSE

Muddy Waters' pending motion for disqualification does not establish good cause for a stay, and nor would a stay serve the interests of justice.  Two settled principles defeat it.  First, the mere filing of a motion to disqualify does not halt a case—particularly where the motion is not likely to succeed, and this one is not, as explained.  Second, with the motion to dismiss now denied on all grounds, no dispositive motion remains to justify pausing discovery.  Further, "there is no established irrebuttable presumption [that] a lawyer shares client confidences he possesses with other lawyers at his law firm."  *See Maxell*, 2021 WL 1100098, at *8; ECF No. 65 at 18 n.11.  And there is undisputed evidence that none of TTI's attorneys accessed ***any*** confidential information that Muddy Waters purportedly shared with its prior counsel.  ECF No. 65 at 18-19.

Courts routinely refuse to stay discovery simply because a disqualification motion is pending, considering the absence of any dispositive motion, the presumption against staying litigation, and the risk that disqualification motions are misused for tactical advantage.  *See Allstate Ins. Co. v. Belsky*, 2017 WL 9434415, at *2 (D. Nev. June 22, 2017) (denying stay of discovery where "Defendant's pending motions are not dispositive, the fact that motions to disqualify are prone to tactical misuse, and the general presumption against staying litigation"); *Nw. Illinois Area Agency on Aging v. Basta*, 2022 WL 16752412, at *3 (N.D. Ill. July 7, 2022) ("Plaintiff has not cited any case holding that a motion to disqualify opposing counsel in a civil case stops the rest of the case until the motion to disqualify has been decided. The court did not find a case so holding either. Accordingly, Magistrate Judge Jensen's order striking the motion to disqualify without prejudice to refiling was not clearly erroneous or contrary to law."); *Romero v. Select Emp. Servs., Inc.*, 2019 WL 10068950, at *1 (C.D. Cal. Dec. 27, 2019) (finding that a "months-long delay" in moving to disqualify and stay "belies the existence of any urgency" and denying stay where defendant did not demonstrate a pending dispositive motion that could be decided without

6

additional discovery); *Kleiman v. Wright*, 2023 WL 2663098, at *2 (S.D. Fla. Mar. 28, 2023) ("The mere filing of a motion to disqualify counsel does not automatically divest opposing counsel of the authority to represent his client. Were that so, defendants in any case could indefinitely delay proceedings by repeatedly filing such motions."); *Edwards v. CoreCivic of Tennessee, LLC*, 2022 WL 1694427, at *3 (S.D. Cal. May 26, 2022) ("The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery even when a potentially dispositive motion is pending, let alone a motion to disqualify counsel.").

Muddy Waters' delay in seeking disqualification also "belies the existence of any urgency" and any claim of prejudice. *Romero*, 2019 WL 10068950, at *1 (denying motion to stay); *see First Wisconsin Mortg. Tr. v. First Wisconsin Corp.*, 584 F.2d 201, 210 (7th Cir. 1978) ("[I]f Trust had been concerned about the work being done it was well within its power to ask for that work to be stopped by the court until it ruled on the disqualification motion which would have put into sharp focus whether the work was in any way tainted by the dual representation."). In its motion to disqualify, Muddy Waters acknowledged that it seeks disqualification "given TTI/Quinn's insistence on taking discovery[.]" ECF No. 56 at 14-15. This Motion follows the same pattern, as Muddy Waters seeks to avoid "preparing its witnesses" for deposition and "review[ing] and potentially produc[ing] documents." Mot. 8. Considered against its 17-month delay, these admissions make plain that disqualification is "being used as a delaying tactic." *Vinewood Cap., LLC v. Dar Al-Maal Al-Islami Tr.*, 2010 WL 1172947, at *8 (N.D. Tex. Mar. 25, 2010).

Muddy Waters' primary case, *IPVX Patent Holdings, Inc. v. 8X8, Inc.*, 2013 WL 6000590 (N.D. Cal. Nov. 12, 2013), is different in every respect. In that patent infringement action, the court found good cause to stay discovery into "schematics, plans, manuals and memorandums" and "highly sensitive financial information" where the movant explicitly identified the improper

use of confidential information. *Id.* at *1. The opposing attorneys had "confirmed in writing" that they "met privately" to discuss confidential information obtained during a meeting regarding potential representation in a related suit. Case No. 13-cv-01707, ECF No. 71-1 (Aug. 20, 2013). Here, TTI's attorneys do not possess Muddy Waters' confidential information, there is no irrebuttable presumption, and, in any event, Muddy Waters waived any such objection by engaging in precisely the same type of discovery across the table from QE attorneys in connection with the Florida case. And as discussed *infra*, at 9, if the disqualification motion were successful (it will not be), TTI will engage new counsel who will have the benefit of the prior work in the case.[1]

## III.    THE BALANCE OF PREJUDICE TIPS DECISIVELY TOWARDS TTI

Muddy Waters' complaints of concrete and immediate prejudice are meritless. TTI's attorneys have no confidential information from the prior representation and thus there is no possibility that the information would affect their strategy in this case. ECF No. 65 at 18-19. Muddy Waters' vague references to "[i]nstitutional information" that a distinct QE attorney may possess, Mot. 3, 6, only confirm that Muddy Waters cannot identify any specific, concrete confidential information at risk. Nor does Muddy Waters offer any reason why its earlier discovery to QE attorneys acting for TTI did not implicate that same "institutional information," or why Muddy Waters did not immediately raise this claimed conflict the moment it became clear that TTI intended to sue based on that discovery.

On these facts, a stay would prejudice TTI far more than Muddy Waters. TTI has pursued discovery since March 25, 2026 despite Muddy Waters' roadblocks, and now faces a September

---

[1] The remaining cases Muddy Waters cites, Mot. 4-5, offer no substantive analysis and cannot support the weight Muddy Waters attributes to them. *Autoscribe Corp. v. Wells Fargo Bank, N.A.*, 2010 WL 11564962 (S.D. Iowa Nov. 3, 2010); *Telecomm Tech. Servs., Inc. v. Siemens Rolm Commc'ns, Inc.*, 172 F.R.D. 532 (N.D. Ga. 1997); *Hamilton v. Dowson Holding Co., Inc.*, 2010 WL 11561472 (D.V.I June 14, 2010).

15, 2026 close of fact discovery.  Courts recognize the obvious prejudice in freezing an active case on the eve of its discovery deadline. *Glazer's Wholesale Drug Co., Inc. v. Klein Foods, Inc.*, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008) (explaining that it is "disingenuous" to suggest there would be "no delay or prejudice if all discovery is stayed for several months" pending resolution of motion to dismiss); *Hendler*, 2024 WL 3829562, at *3 (finding that "stay of discovery is not required and would substantially delay resolution of this suit" where case was "pending for over a year [without] a scheduling order or [] discovery").  Muddy Waters falls back on the lack of a set trial date, but that is no reason to keep stalling a case pending for 17 months and is unquestionably moving forward now that the motion to dismiss has been denied.

## IV.    JUDICIAL ECONOMY WOULD NOT BE FURTHERED BY A STAY

Finally, Muddy Waters is wrong in arguing that a stay serves judicial economy.  Its speculative threat of "collateral litigation" over the discovery record further indicates its meritless attempts to delay. *See* Mot. 6-8.  Multiple courts have recognized that an attorney's conflict does not prevent a file from transferring to new counsel where attorneys resisted the disqualification challenge in good faith and derived no advantage from the prior representation.  *E.g.*, *First Wisconsin*, 584 F.2d at 205; *Lorber v. Winston*, 2012 WL 5989464, at *2 (E.D.N.Y. Nov. 29, 2012).  As TTI's prior representation was not substantially related, and the attorneys on this team did not receive—and could not have inadvertently received—Muddy Waters' confidential information, "it is substantially unlikely that an item of work product contains or reflects confidential information" that would bar transfer. *Conwill v. Greenberg Traurig, L.L.P.*, 2011 WL 497486, at *1-2 (E.D. La. Feb. 7, 2011); *In re George*, 28 S.W.3d 511, 518 (Tex. 2000).

## V.    THE COURT SHOULD COMPEL DISCOVERY

Instead of staying discovery, the Court should compel Muddy Waters to provide fulsome responses to TTI's written discovery—now outstanding for months—produce documents, and

9

proceed with depositions.  "[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived." *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989); *see also Richmond v. SW Closeouts, Inc.*, 2016 WL 3090672, at \*5 (N.D. Tex. June 2, 2016) (where party fails to timely respond "it is appropriate for the Court to find that the party's objections are waived, unless the court finds good cause and excuses that failure" ).  Even where the responding party has timely served some objections, this waiver extends to any grounds not timely stated.  *See* Fed. R. Civ. P. 34(b)(2)(B).

TTI's discovery requests and deposition notices were validly served, and Muddy Waters' original motion to stay never excused its now-overdue responses.  Muddy Waters' continued refusal to respond, including after the Court denied its motion to stay, violates the Federal Rules and should not be tolerated.  *In re United States*, 864 F.2d at 1156; *Davis v. El Paso Los Angeles Limousine, Inc.*, 2009 WL 10700500, at \*2 (W.D. Tex. Oct. 7, 2009) (granting motion to compel and issuing express warning that additional failures to comply with the federal rules may result in sanctions).  With the close of fact discovery looming, the Court should order Muddy Waters to produce documents and substantively respond to TTI's interrogatories within seven days of the Court's order, or on a date certain the Court deems appropriate, and order Muddy Waters to make its employees available for depositions before the close of fact discovery on dates mutually agreeable to both parties' counsel.  Given Muddy Waters' pattern of delay and obstruction, this order is necessary to progress this case toward a just and speedy resolution.  *See* Fed. R. Civ. P. 1.

## CONCLUSION

TTI respectfully requests that the Court (1) deny Muddy Waters' Motion to Disqualify and (2) compel Muddy Waters to provide fulsome responses to TTI's written discovery, produce documents, and proceed with depositions.

10

Dated:  August 7, 2026

**QUINN, EMANUEL, URQUHART
 & SULLIVAN LLP**

*/s/ Asher Griffin*

Asher Griffin
Texas Bar No. 24036684
300 West 6th Street, Suite 2010
Austin, TX 78701
Telephone: (737) 667-6103
Email: ashergriffin@quinnemanuel.com

Kristin Tahler (admitted *pro hac vice*)
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3615
Email: kristintahler@quinnemanuel.com

Jason D. Sternberg (admitted *pro hac vice*)
Laura N. Ferguson (admitted *pro hac vice*)
2601 S. Bayshore Dr., Suite 1550
Miami, FL 33133
Telephone: (305) 402-4880
Email: jasonsternberg@quinnemanuel.com
lauraferguson@quinnemanuel.com

Nicolas Inns (admitted *pro hac vice*)
555 13th Street NW, Suite 600
Washington, D.C. 20004
Telephone: (202) 538-8287
Email: nicholasinns@quinnemanuel.com

*Counsel for Techtronic Industries Company Ltd.*

11

# CERTIFICATION OF SERVICE

I hereby certify that on August 7, 2026, true and correct copies of the foregoing documents were served on the following counsel in the manner indicated:

**<u>VIA CM/ECF</u>**

Peter D. Kennedy
Texas Bar No. 11296650
James A. Hemphill
Texas Bar No. 00787674
Hailey L. Suggs
Texas Bar No. 24113497
Graves, Dougherty, Hearon & Moody, P.C.
401 Congress Avenue, Suite 2700
Austin, Texas 78701
Telephone: (512) 480-5764
Email: pkennedy@gdhm.com
        jhemphill@gdhm.com
        hsuggs@gdhm.com

David S. Korzenik, *pro hac vice*
Miller Korzenik Rayman LLP
The Paramount Building
1501 Broadway, Suite 2015
New York, NY 10036
Telephone: (212) 752-9200
Email: dkorzenik@mkslex.com

*Counsel for Defendants*

/s/ Asher Griffin
Asher Griffin