UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TECHTRONIC INDUSTRIES COMPANY LIMITED, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 1:25-cv-00249-DAE |
| | § | |
| MUDDY WATERS CAPITAL LLC and MW DOMINO MANAGEMENT LLC, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO QUASH**

TO THE HONORABLE DAVID A. EZRA:

Defendants Muddy Waters Capital LLC and MW Domino Management LLC (collectively, "Defendants" or "Muddy Waters") respectfully file this reply in support of their motion to quash.

The relief requested in the motion to quash, Dkt. 75, is simple. Muddy Waters seeks a ruling on the pending motion to disqualify its former counsel, Quinn Emmanuel Urquhart & Sullivan LLP ("Quinn"), Dkt. 56, *before* Quinn is permitted to take adverse depositions of Muddy Waters and its representatives in this case.[1]

On behalf of Quinn's *current* client, Plaintiff Techtronic Industries Co. Limited ("Plaintiff" or "TTI"), Quinn is seeking substantial monetary damages against its *former* client, Muddy Waters. Dkt. 39. If depositions are permitted to proceed before a ruling on the motion to disqualify, Muddy Waters will be subjected to the very prejudice that its motion to disqualify seeks to prevent.

[1] Muddy Waters seeks similar relief in its time-sensitive motion for stay, Dkt. 67, which was argued on August 26, 2026 and is currently pending.

For these reasons, Muddy Waters seeks to quash five depositions that were unilaterally noticed by Quinn and TTI for the dates immediately before and after the hearing on the motion to disqualify.

In opposing the motion to quash, Quinn and TTI have emphasized a premature, arbitrary, and imminent discovery cutoff date. *See* Dkt. 78 at 1 ("Nothing justifies freezing discovery while the parties await a ruling, least of all *as the September 15, 2026 fact-discovery cutoff approaches*"); *see id.* at 4 ("discovery must proceed given the age of this case *and the September 15 fact discovery cutoff*") (emphasis added). Quinn and TTI made similar arguments at the August 26, 2026 hearing, characterizing the September 15 discovery cutoff date as the Court supposedly "holding the parties' feet to the fire." Contrary to those arguments, it was the parties themselves who suggested the September 15, 2026 date, in an unopposed motion earlier in 2026. Dkt. 49. The Court simply agreed to that date while the case was still at the pleading stage. Dkt. 50. The September 15th date was put on the calendar well before the Court ruled on Muddy Waters' motion to dismiss Plaintiff's amended complaint, which occurred just recently, on July 31, 2026. Dkt. 61. It was also well before the Plaintiff first served its own initial disclosures on August 10, 2026, and well before the timely filing of Defendants' Answer, which was less than three weeks ago on August 14, 2026. Dkt. 73.

As this Court has correctly noted, this case is at "the early stage of litigation." Dkt. 61 at 30. No depositions have yet been taken (although TTI has taken depositions of Muddy Waters' principals in its Florida lawsuit against Victor Bonilla), no documents have yet been produced, no protective order has yet been entered, and there is no trial setting. Discovery is at the beginning. It is nowhere close to the end. For these reasons, on August 31, 2026, Muddy Waters filed a motion to modify the existing scheduling order which proposes a workable schedule for this case to proceed through discovery to trial. Dkt. 79.

Muddy Waters has provided the Court with abundant good cause in support of its motion to quash. A ruling on the motion to disqualify Quinn is pending, with a ruling expected shortly. Given that posture, it is improper for these requested depositions to occur at this time. Going forward with deposition discovery now would moot the motions pending before Magistrate Judge Hightower and create substantial risk of both (i) extreme prejudice to Muddy Waters, and also (ii) substantial inefficiencies to both sides and to the Court if a motion to disqualify were to be granted after depositions in this case are taken. Taking depositions before a ruling on the motion to disqualify would lead to satellite litigation over the admissibility of tainted deposition testimony, and whether deposition transcripts can be shared with replacement counsel for TTI. All of that can easily be avoided by awaiting a forthcoming ruling on the motion to disqualify before scheduling and taking the first depositions in this case.

All of these factors weigh heavily in favor of briefly postponing deposition discovery in this case until after the motion to disqualify has been decided. Then a new scheduling order can be entered, setting workable dates for all discovery. Once the motion to disqualify has been decided, and a workable schedule is put in place, the parties can work together cooperatively to schedule depositions at mutually available dates and times with TTI's current counsel, or with new counsel should the motion to disqualify be granted.

The Fifth Circuit has noted that the Federal Rules of Civil Procedure "promote broad discovery so that all relevant evidence is disclosed." *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 517 (5th Cir. 1993). This is to ensure that trial will be "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *Id.*; *Dollar v. Long Manufacturing, N.C., Inc.*, 561 F.2d 613, 616 (5th Cir. 1977) (quoting *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958)). A fair contest with disclosure of

relevant evidence for both sides is what Muddy Waters seeks. At this very "early stage" of TTI's litigation against Muddy Waters, *no* discovery has occurred other than a very recent exchange of initial disclosures. Discovery should proceed in an orderly fashion, with an adequate opportunity for both sides to obtain relevant documents and schedule and take depositions. Further, because TTI has a related Florida lawsuit scheduled for trial in November 2026, discovery in this case will necessarily involve production of depositions taken and documents produced in that case, as well as transcripts of trial testimony, which will require entry of a protective order by this Court.[2] TTI has had access to that information from the Florida lawsuit for many months, while Muddy Waters has not.

For all of these reasons, Muddy Waters respectfully requests that its motion to quash be granted, and that its motion to modify scheduling order also be granted, so that discovery can proceed in this case in full following disposition of the motion to disqualify. Muddy Waters further prays for all such further and additional relief to which it may be entitled.

---

[2] The parties have worked together cooperatively on a proposed protective order, which closely tracks the form promulgated by the Western District of Texas. It is expected that an agreed protective order will be submitted for entry soon, which will allow for document discovery in this case to begin. Muddy Waters initially proposed use of the Western District form on August 3, 2026. On August 18, 2026, TTI proposed additional language to be included, to address the documents from the Florida litigation. Muddy Waters accepted TTI's proposed language, with one minor modification, on August 24, 2026, and Muddy Waters is awaiting a response from TTI.

Respectfully submitted,

*/s/ G. Douglas Kilday*

Peter D. Kennedy
Texas Bar No. 11296650
pkennedy@gdhm.com
James A. Hemphill
Texas Bar No. 00787674
jhemphill@gdhm.com
Hailey L. Suggs
Texas Bar No. 24113497
hsuggs@gdhm.com
G. Douglas Kilday
Texas Bar No. 00787834
dkilday@gdhm.com
Graves, Dougherty, Hearon & Moody, P.C.
401 Congress Avenue, Suite 2700
Austin, Texas 78701
(512) 480-5764 (Phone)
(512) 536-9908 (Fax)

David S. Korzenik
(admitted pro hac vice)
dkorzenik@mkslex.com
Miller Korzenik Rayman LLP
The Paramount Building
1501 Broadway, Suite 2015
New York, NY 10036
(212) 752-9200 (Phone)
(212) 688-3996 (Fax)

**Counsel for Defendants**

**CERTIFICATE OF SERVICE**

On September 3, 2026, I caused a copy of this document to be served by the Electronic Case Filing System as shown below:

Asher B. Griffin
John Bash
Quinn Emanuel Urquhart & Sullivan LLP
300 West 6th Street, 2010
Austin, Texas 78701

Jason Sternberg
Laura N. Ferguson
Quinn Emanuel Urquhart & Sullivan LLP
2601 South Bayshore Drive, Suite 1550
Miami, Florida 33133

Kristin Tahler
Quinn Emanuel Urquhart & Sullivan LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017

Nicholas Inns
Quinn Emanuel Urquhart & Sullivan LLP
1300 I Street, NW, Suite 900
Washington, D.C. 20005

*/s/ G. Douglas Kilday*
G. Douglas Kilday